531 A.2d 108

Roger J. Price, et al., Appellants *v.* Robert Grencavage, in his Official Capacity as Mayor of the Township of Wilkes-Barre, et al., Appellees.

Argued April 23, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas A. Makowski*, with him, *Michael R. Kostelansky*, for appellants.

*Michael I. Butera*, for Mayor Robert Grencavage, et al., for appellees.

*Mark A. Ciavarella, Jr., Lowery, Ciavarella & Rogers*, for appellee, Joseph Grencavage, Individually.

OPINION BY JUDGE BARRY, September 16, 1987:

The members of the Civil Service Commission and Township Council of Wilkes-Barre (appellants) appeal an order of the Court of Common Pleas of Luzerne County denying their petition for a preliminary injunction. We affirm.

On January 22, 1986, without approval from appellants, Mayor Robert Grencavage appointed his brother, Joseph Grencavage, as assistant chief of police. This resulted in an action by the appellants seeking to enjoin Joseph Grencavage from acting as assistant chief of police, the mayor from appointing him to that position, and Jo Ann Chwiej, Township Treasurer, and Leo G. Kucewicz, Township Business Administrator, from signing the necessary documents to effectuate his employment. The trial court refused to issue the injunction on the basis that the appellants' right to relief is not clear and they failed to show irreparable harm. This appeal followed.

It is well established that petitioners seeking a preliminary injunction must establish: (1) immediate and irreparable harm not compensable by damages; (2) greater injury resulting from a refusal of the injunction than from a grant of it; (3) effectiveness of the injunction in restoring the status quo; and (4) an actionable wrong abatable by the injunction. *Leonard v. Thornburgh*, 75 Pa. Commonwealth Ct. 553, 463 A.2d 77 (1983). Moreover, a preliminary injunction will not be granted unless the petitioner's right is clear and the wrong is manifest. *AFSCME, AFL-CIO v. Commonwealth*, 77 Pa. Commonwealth Ct. 37, 465 A.2d 62 (1983).

The township of Wilkes-Barre is a home rule community that has adopted an optional form of government, the Mayor-Council plan A under the provisions of the Act of April 13, 1972, No. 62, §501, 53 P.S. §1-501. Under this option the township which continues to be governed generally under the provisions of the first class township code has also adopted a home rule charter which has certain provisions which are pertinent to the issues in this case.

The home rule charter creates a township council of five members which provides in Section 203 the following:

Section 203. *Residual Powers in the Township Council*

All powers of the Township, including any such power which may hereafter be conferred on the Township by amendment of the Constitution of the United States or of the Constitution of Pennsylvania or of this Charter or by act of the General Assembly, unless otherwise specifically set forth in this Charter, shall be vested in the Township Council. The Council shall be elected, shall organize, and shall function as provided in this Charter.

Section 701 of the Charter (The Mayor) states the following concerning that officer:

The executive and administrative power of the Township shall be exclusively vested in, and exercised by, a Mayor. The Mayor shall be recognized as the leader of the Township government and shall preside as such on all ceremonial occasions. He shall have such authority and perform such duties as are assigned to him under this Charter and shall have such further authority as may from time to time be delegated to him by ordinance.

Section 709 of the same article says in part the following:

(3) He shall have the duty to preserve order in the Township.

. . . .

(8) He shall appoint, suspend or remove all Township employees except as otherwise provided by law or by this Charter.

(9) He may authorize any administrative officer to exercise the powers of the Mayor with respect to subordinate employees in that officer's department, office or agency.

Note also Section 1211 of the Charter (Payment of Funds):

No expenditure or payment of any funds shall be made except upon approval of Council, provided, however, that payroll and utility expenditures may be made at the direction of the Mayor where based upon a prior ordinance or contract. Directions for payment as approved by Council shall be certified by the Mayor to the Business Administrator. All checks or drafts of the Township shall be signed by the Business Administrator.

The appellants essentially maintain that the mayor had no power to appoint an assistant chief of police at an annual salary of $19,286. Although the mayor does have the power to appoint township employees, the appellants argue that this power must be exercised within the limits of the annual budget. Since the 1986 budget did not allocate funds for this particular expenditure, it is contended that the mayor exceeded his authority in making the appointment. On the other hand, the Court, in summarizing the testimony of Leo Kucewicz, the township business administrator, stated that:

Joseph Grencavage is being paid because they have a collective bargaining agreement with the police force and he doesn't need council's approval; that council has never approved a payroll; that although there is no line item in the budget for 1986 for an Assistant Chief of Police, they have transferred a line item for a patrolman, and it is all within the financial limits of the police budget, and that they have transferred money in the past from different line items within the department; that this was done when the present members of council served, and they had no objection to this procedure.

In reviewing a court's decision denying a preliminary injunction, we must determine whether its decision is supported by any reasonable grounds. *Valley Center, Inc. for Mental Health v. Parkhouse,* 62 Pa. Commonwealth Ct. 453, 437 A.2d 74 (1981).

Appellants cite as controlling the case of *Bechak v. Corak,* 414 Pa. 522, 201 A.2d 213 (1964). That action by taxpayers against County officials challenged the validity of the payment of travel expenses. The trial court sitting in equity found the expenses were illegally paid and the Supreme Court sustained the entry of a preliminary injunction prohibiting the payment. In the present case there was no such clear determination of illegality by the trial court. We also note that we are asked to remand to the trial court with a direction to enter an injunction, not approve the trial court's entry of one.

Given the conflicting testimony and arguments concerning the mayor's authority to appoint Joseph Grencavage as assistant chief of police, we conclude that the trial court determined on reasonable grounds that appellants' right to relief was not clear.[1]

The trial court in its opinion has quoted from the case of *Downing v. Erie City School District,* 360 Pa. 29, 34, 61 A.2d 133, 135 (1948), which we reiterate:

> It is, of course, to be borne in mind that the judicial power to interfere in cases challenging acts of a character committed to the discretion of public officials is exceedingly limited. Indeed, there is a presumption that their actions are within the limits of their discretion: Lamb v. Redding, 234 Pa. 481, 484, 83 A. 362; Gemmell

---

[1] In view of our determination on this question, we need not address whether the court had reasonable grounds to refuse the preliminary injunction on the basis that the appellant failed to establish irreparable harm.

v. Fox, 241 Pa. 146, 150, 88 A. 426; Robb v. Stone, 296 Pa. 482, 492, 146 A. 91. 'The burden of showing to the contrary, when the action of a school board is challenged with respect to matters committed to its discretion, is a heavy one; for the power of the courts in such cases is exceedingly limited, and they are permitted to interfere only where it is made apparent that it is not discretion that is being exercised but arbitrary will or caprice. . . .'
Affirmed.

ORDER

Now, September 16, 1987, the order of the Court of Common Pleas of Luzerne County, dated April 14, 1986, at No. 16-E of 1986, is affirmed.