

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-1995

# Ridder vs. CityFed Financial

Precedential or Non-Precedential:

Docket 94-5343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Ridder vs. CityFed Financial" (1995). *1995 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT


No. 94-5343


WILLEM RIDDER, LYNDON C. MERKLE,
JOHN T. HURST, GREGORY DEVANY,
                              Appellants

v.

CITYFED FINANCIAL CORPORATION, a
        Delaware Corporation


On Appeal from the United States District Court
        for the District of New Jersey
          (D. C. Civil No. 93-1676)


Argued September 21, 1994


BEFORE:   GREENBERG and ROTH, <u>Circuit Judges</u>, and FULLAM*
          <u>District Judge</u>

              (Filed:  February 9, 1995)


*  Honorable John P. Fullam, senior district judge for the

Eastern District of Pennsylvania, sitting by designation.

Richard Harrington (argued)
Chandler Wood, Harrington & Maffly
lll Sutter Street, Suite l900
San Francisco, CA 94l04

Michael A. Saffer
Chapman, Henkoff, Kessler, Peduto & Saffer
425 Eagle Rock Avenue
P.O. Box F
Roselind, NJ    07068

Attorneys for Appellant

Ronald W. Stevens (argued)
Matthew D. Anhut
Kirkpatrick & Lockhart
l800 M Street
South Lobby, 9th Floor
Washington D.C. 20036

William C. Cagney
Lane & Mittendorf
499 Thornall Street
Edison, N.J. 08837

Attorneys for Appellee

OPINION OF THE COURT

FULLAM, District Judge


The appellants, Willem Ridder, Lyndon C. Merkle, John T. Hurst and Gregory DeVany, were employed by City Collateral and Financial Services, Inc. a wholly owned subsidiary of City Federal Savings Bank, which in turn was the wholly owned subsidiary of appellee CityFed Financial Corporation ("CityFed"), a Delaware corporation now in receivership. Resolution Trust Corporation ("RTC"), as receiver for CityFed, has sued the appellants in a companion case in the United States District Court for the District of New Jersey, Resolution Trust Corp. v. Fidelity & Deposit Co. of Maryland, et al., case No. 92-1003(D.N.J.), asserting that the appellants committed various frauds and breaches of their fiduciary duty to their employer. Specifically, the RTC asserts that appellants (l) exceeded their authority by approving loans to Northwest Mortgage Co., Inc., (2) concealed Northwest's default from CityFed's credit committee, (3) misrepresented to the credit committee the status of the Northwest line of credit, (4) misstated to the committee the risks associated with the Northwest loan, (5) concealed Northwest's criminal activity from CityFed, (6) falsified City Collateral records, and (7) improperly divulged confidential information for personal gain.

Upon being served with the complaint in the RTC action, appellants made demand upon CityFed to advance funds for attorneys fees they would incur in defending the RTC litigation. CityFed refused, whereupon appellants brought this action to compel CityFed to advance attorneys fees to them. Plaintiff sought a preliminary injunction to obtain immediate payment, and also filed a motion for summary judgment. After a hearing, the district court denied both motions, and appellants timely filed this appeal.

Article XI of CityFed's by-laws requires CityFed to indemnify and hold harmless all employees sued or threatened to be sued by reason of such employment by CityFed or any of its subsidiaries, "to the fullest extent authorized by the Delaware corporation law", and specifically provides that the right to indemnity "shall include the right **to be paid** the expenses incurred in defending any such proceeding **in advance** of its final disposition; provided, however that, if the Delaware Corporation Law so requires [it does] the payment of such expenses ... shall be made only upon delivery to the corporation of an undertaking ... to repay all amounts so advanced if it shall ultimately be determined that such employee is not entitled to be indemnified." [Emphasis added.] These by-law provisions are substantially identical to the provisions of the Delaware Corporation Law on the subject.

The district court denied the injunction sought by appellants for two reasons. Because of the perceived strength of the RTC's case against the appellants in the related litigation, the court concluded that appellants had failed to demonstrate a likelihood of success on the merits. And, in view of the fact that CityFed is in receivership and the rights of other creditors are implicated, the court felt that the harm to appellants from denial of the injunction was outweighed by the public interest in assuring equal treatment to all of CityFed's creditors, and that appellants' claim should not be accorded priority by the issuance of a preliminary injunction. We conclude that neither reason suffices to justify denial of the relief plainly mandated by the by-laws and the Delaware statute.

The issue before the district court was not whether appellants were likely to prevail in the RTC litigation, but whether they were likely to prevail in their assertion that CityFed should advance the costs of defense. Under Delaware law, appellants' right to receive the costs of defense in advance does not depend upon the merits of the claims asserted against them, and is separate and distinct from any right of indemnification they may later be able to establish. Citadel Holding Corp. v. Roven, 603 A.2d 818 (Del. 1992); Salaman v. National Media Corp., No. C.A. 92C-01-161, 1994 WL465534 (Del. Super. July 22, 1994). See Joseph Warren Bishop, Jr., Law of Corporate Officers and Directors Indemnification and Insurance, ¶6.27 (1981 & Supp.

1993).  Indeed, the provisions in both Article XI of CityFed's by-laws and §l45(e) of the Delaware corporation law, conditioning the obligation to advance defense costs upon an undertaking "to repay such amount if it shall ultimately be determined that [the officer] is not entitled to be indemnified by the corporation" leaves no room for argument on that score.

CityFed urges us to adopt the approach taken by the district court in Fidelity Federal Savings & Loan Assn v. Felicetti, 830 F.Supp. 262 (E.D. Pa. 1993), and rule that, notwithstanding the by-law provision, CityFed was justified in refusing to advance defense costs because of "the overriding duty of the directors to act in the best interests of the corporation".  Id., at 269.  We respectfully disagree.  Given a choice between decisions of the appellate courts of Delaware and courts of other jurisdictions, on issues of Delaware law, this court is plainly required to follow the decisions of the Delaware courts.  Moreover, we find the reasoning in Felicetti unpersuasive.  Rarely, if ever, could it be a breach of fiduciary duty on the part of corporate directors to comply with the requirements of the corporation's by-laws, as expressly authorized by statute.

The statutory provisions authorizing the advancement of defense costs, conditioned upon an agreement to repay if a right of indemnification is not later established, plainly reflect a legislative determination to avoid deterring qualified persons

from accepting responsible positions with financial institutions for fear of incurring liabilities greatly in excess of their means, and to enhance the reliability of litigation-outcomes involving directors and officers of corporations by assuring a level playing field. It is not the province of judges to second-guess these policy determinations.

Appellants made a strong showing that, unless defense costs were advanced to them, their ability to defend the RTC action would be irreparably harmed. Appellee made no contrary showing, and the district court did not base its holding upon the absence of irreparable harm, but rather upon a comparison between the harm to appellants and the perceived harm to other creditors of CityFed. Here again, however, we conclude that the district court addressed the wrong issue. The only issue before the district court was whether appellants were entitled to advance payment of the cost of defense of the RTC action. The insolvency proceeding itself was not before the district court, and the impact, if any, of a grant of injunctive relief was not only a matter for other tribunals to decide, but, on this record, purely speculative.

We conclude that the appellants are entitled to have their costs of defense advanced to them, as a matter of law. The order appealed from will therefore be reversed, with instructions to issue an injunction requiring appellee to advance such defense

costs as the parties by agreement, or the district court upon further proceedings, determines to be reasonable.