Gerald D. **NEAL**, Michael Callan, James O'Connor and Parish Patel, Appellants,

v.

**NEUMANN MEDICAL CENTER.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1995.
Decided Nov. 16, 1995.

Jeffrey S. Saltz, for appellants.

---

Stuart D. Fiel, for appellee.

Before McGINLEY, and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Gerald D. Neal, Michael Callan, James O'Connor and Parish Patel in their capacity as former officers (collectively, Officers) of Neumann Medical Center (Neumann), a non-profit corporation, appeal from an order of the Philadelphia County Court of Common Pleas that denied their request for a preliminary injunction. The Officers sought a preliminary injunction to forestall Neumann from prosecuting its claims against them until it advanced their defense costs.[1] The Officers contend that they are entitled to the advancement of costs for defending themselves in an action brought against them by Neumann under Article VII, Section 1 of Neumann's bylaws.

Initially, we note that Section 5745 of the Nonprofit Corporation Law of 1988 (Nonprofit Law), *as amended*, 15 Pa.C.S. § 5745 [Advancing Expenses] provides:

> Expenses (including attorneys' fees) incurred in defending any action or proceeding referred to in this subchapter may be paid by a nonprofit corporation in advance of the final disposition of the action or proceeding upon receipt of an undertaking by or on behalf of the representative [2] to repay the amount if it is ultimately determined that he is not entitled to be indemnified by the corporation as authorized in this subchapter or otherwise. (Footnote added).

Further, a review of Article VII, Section 1 of Neumann's bylaws is obviously in order. That provision states in relevant part:

> Each person who ... is made a party ... to or is involved in any action, suit or proceeding (hereinafter a "proceeding") ... including, without limitation, an action or suit by or in the right of the Corporation, by reason of the fact that he or she ... is or was a director or officer of the Corporation or is or was serving at the request of the Corporations [sic] a director or officer of another corporation ... whether the basis of such proceeding is alleged action in an official capacity as director or officer or in any other capacity, shall be indemnified and held harmless by the Corporation to the fullest extent and manner authorized or permitted by the laws of the Commonwealth of Pennsylvania ... against all expense, liability and loss (including attorneys' fees ...) reasonably incurred or suffered by such person in connection therewith and such indemnification shall continue as to a person who has ceased to be a director or officer.... The right to indemnification conferred in this article shall be a contract right and each person to whom this right to indemnification applies shall be a third party beneficiary of such right and shall be entitled to enforce against the Corporation all indemnification and other rights granted to such person by this article.

> Such right *shall* include the right to be paid by the Corporation the expenses incurred in any such proceeding in advance of its final disposition; *provided, however, that, if the laws of the Commonwealth of Pennsylvania require, the payment of such expenses incurred by a director or officer in advance of the final disposition of a proceeding shall be made only upon delivery to the Corporation of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be*

---

**1.** The underlying action, which Neumann brought against the Officers on November 4, 1992 in the Philadelphia County Court of Common Pleas, alleges that they were guilty of negligence, breach of fiduciary duty, and tortious interference with contract. Neumann seeks damages that it purportedly incurred from the Officers' mismanagement. *See* case captioned *Neumann Medical Center, et al. v. 21st Century Health Corp.–PA, Inc.* (November Term 1992, No. 342). Northeastern Diversified Services, a management corporation that is affiliated with Neumann, is a co-plaintiff in that underlying action. 21st Century Health Corp.–PA, Inc., a management corporation that is affiliated with some of the Officers, is a co-defendant.

**2.** The definition of a "representative" under the statute includes an officer or a director. *See* 15 Pa.C.S. § 5103.

*indemnified under this article or otherwise.* (Emphasis added).

Moreover, the pertinent portion of Article VII, Section 4 of Neumann's bylaws affords:

If a claim under Section 1 of this article is not paid in full by the Corporation within thirty (30) days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim, and if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim. *It shall be a defense to any such action (other than an action brought to enforce a claim for expenses incurred in defending any proceeding in advance of its final disposition where the required undertaking, if any is required, has been tendered to the Corporation) that the Claimant has not met the standards of conduct which make it permissible under the laws of the Commonwealth of Pennsylvania for the Corporation to indemnify the claimant for the amount claimed,* but the burden of proving such defense shall be on the Corporation. (Emphasis added).

In short, Neumann's bylaws provide for the mandatory advancement of litigation expenses to an officer or director who, in compliance with the laws of this state, has delivered to the corporation an undertaking to repay the forwarded amounts in the event that he or she is eventually determined not to be entitled to indemnification. Neumann's bylaws also provide that, in a suit brought against it to enforce a claim for advancement of expenses, it cannot assert as a defense a claimant's failure to meet the standards of conduct pursuant to which indemnification is permissible.

Section 5742 of the Nonprofit Law, 15 Pa.C.S. § 5742 [Derivative and corporate actions] states that, if not otherwise restricted in its bylaws, a nonprofit corporation can indemnify its representative or former representative for costs (including attorney's fees) he or she actually and reasonably incurred in defending or settling an action "by or in the right of the corporation" as long as he or she acted in good faith and in the best interests of the corporation. Section 5746(b) of the Nonprofit Law, 15 Pa.C.S. § 5746(b) [Supplementary coverage—when indemnification is not to be made] affords that indemnification is disallowed where the act or omission underlying the indemnification claim is judicially determined to have been willful misconduct or recklessness. By contrast, however, Section 5745 has no standard of conduct requirement as a prerequisite to the advancement of expenses.

In denying the Officer's preliminary injunction request, the trial court relied on *Fidelity Federal Savings & Loan Association v. Felicetti*, 830 F.Supp. 262 (E.D.Pa. 1993) and stated in relevant part "that while the language of Article VII of the Bylaws may make advancement of expenses mandatory, it cannot supersede the overriding duty of the directors to act in the best interest of the corporation." *Neal, Callan et al. v. Neumann Medical Center* (No. 1045 January Term 1994, filed May 25, 1994), slip op. at 5.[3] The trial court cited Section 512(a) of the Associations Code, 15 Pa.C.S. § 512(a) in support of its rationale, which is the same statutory section that the United States District Court for the Eastern District of Pennsylvania relied on in *Felicetti* for its decision that the directors' duty to act in a corporation's best interests must take precedence over a corporation's bylaws making advancement of costs mandatory.

Of course, the statutory provision delineating a director's fiduciary duties with respect to a nonprofit corporation is Section 5712(a) of the Nonprofit Law, 15 Pa.C.S. § 5712(a). That section, which is applicable here, matches Section 512(a) of the Associations Code nearly word for word, with the exception that Section 512(a) concerns "domestic" rather than "nonprofit" corporations. The pertinent portion of section 5712(a) provides:

A director of a nonprofit corporation shall stand in a fiduciary relation to the corporation and shall perform his duties as a

---

**3.** On review of a denial of a preliminary injunction, we must decide whether the trial court's determination is supported by any reasonable grounds. *Price v. Grencavage,* 109 Pa.Cmwlth. 361, 531 A.2d 108 (1987).

director ... in good faith, in a manner he reasonably believes to be in the best interests of the corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.

Frankly, we do not see how the bylaws providing for the advancement of defense costs to the Officers can reasonably be determined to conflict with this section. There has been no judicial determination that the Officers did not act in good faith or that they engaged in willful misconduct or recklessness, which disposition would necessarily preclude indemnification. Rather, it would appear that Neumann's directors can only act in the corporation's best interests by implementing the mandatory advancement provision, since the bylaws which contain it were presumably adopted for Neumann's benefit. For this reason, we respectfully decline to follow *Felicetti.*

In addition, since it seems there has been no decision by a Court of this Commonwealth interpreting the precise legal issue before us, the Officers urge us to follow the lead of the courts of other jurisdictions, most specifically, those courts that have interpreted Delaware law, in reaching our decision. The Officers assert that Section 5745 of the Nonprofit Law, which permits the advancement of litigation expenses upon the corporation's receipt of an undertaking, was modelled after Section 145(e) of the Delaware General Corporation Law, Del.Code, Tit. 8, § 145(e), which also allows for the advancement of such costs.

*Ridder v. Cityfed Financial Corporation,* 47 F.3d 85 (3d Cir.1995), a case decided by the United States Court of Appeals for the Third Circuit, is, in our view, particularly instructive. There, the appellants brought suit against Cityfed Financial Corporation (Cityfed) to obtain advance attorneys' fees for their defense of the underlying action in which they had been sued by Resolution Trust Corporation, Cityfed's receiver, for certain frauds and breaches of fiduciary duty.

The Court of Appeals stated in relevant part in *Ridder:*

The issue before the district court was not whether appellants were likely to prevail in the [Resolution Trust Corporation] litigation, but whether they were likely to prevail in their assertion that [Cityfed Financial Corporation] should advance the costs of defense. Under Delaware law, appellants' right to receive the costs of defense in advance does not depend upon the merits of the claims asserted against them, and is separate and distinct from any right of indemnification they may later be able to establish.... Indeed, the provisions in both Article XI of Cityfed's by-laws and § 145(e) of the Delaware corporation law, conditioning the obligation to advance defense costs upon an undertaking "to repay such amount if it shall ultimately be determined that [the officer] is not entitled to be indemnified by the corporation" leaves no room for argument on that score.

.  .  .  .  .

The statutory provisions authorizing the advancement of defense costs, conditioned upon an agreement to repay if a right of indemnification is not later established, plainly reflect a legislative determination to avoid deterring qualified persons from accepting responsible positions with financial institutions for fear of incurring liabilities greatly in excess of their means, and to enhance the reliability of litigation-outcomes involving directors and officers of corporations by assuring a level playing field. It is not the province of judges to second-guess these policy determinations.

*Id.* at 87. (Citations omitted).

The Court then determined that the appellants were entitled to have their defense costs forwarded to them, and it ordered that a preliminary injunction requiring Cityfed to advance reasonable litigation expenses be issued.

As well, in *Citadel Holding Corporation v. Roven,* 603 A.2d 818, 826 (Del.1992), the Supreme Court of Delaware held that Roven, the director charged with malfeasance, was entitled to the advancement of "all reasonable costs incurred in defending the [underlying] action...." The trial court here distinguished *Citadel* on the grounds that Roven and Citadel had entered into an indemnity agreement that afforded the director more

protection than he would have received under Citadel's certificate of incorporation. The trial court also explained that "[t]he Citadel directors were not faced with the same internal inconsistencies of the Bylaws that the Neumann directors are presently facing as the indemnification agreement was separate and apart from the articles of incorporation." *Neal, Callan et al. v. Neumann Medical Center* (No. 1045 January Term 1994, filed May 25, 1994), slip op. at 6.

We disagree with the trial court's reasoning, however, and agree instead with the Officers that "[i]f, as Neumann contends, a provision for the mandatory advancement of defense costs is not enforceable, then it makes no difference whether that provision is in the corporate bylaws or in a side agreement." (Officers' brief, p. 17, n. 9). Certainly, if enforcement of the bylaws provision providing for the mandatory advancement of defense expenses would conflict with the directors' fiduciary duties in this case, then it is of no moment whether the enforcement is pursuant to a contract separate from the bylaws or pursuant to the bylaws themselves.

Furthermore, in *Advanced Mining Systems, Inc. v. Fricke,* 623 A.2d 82 (Del.Ch. 1992), a case in which a former president of a Delaware corporation, sued by that corporation for breaches of loyalty, brought suit for advancement of his defense expenses, the Court of Chancery of Delaware observed:

> The decision to advance litigation expenses is in some respects similar to the decision to extend indemnification rights it also might act as an incentive to serve as a director but it is also in some respects quite different [sic]. In making a decision to advance expenses to a director or officer, the corporation is not extending the amount by which it may be legally liable, as it does when it extends indemnification rights. The right to be indemnified for expenses will exist (or will not) depending upon factors quite independent of the decision to advance expenses. Thus, the decision to extend advancement rights should ultimately give rise to no net liability on

the corporation's part. The corporation maintains the right to be repaid all sums advanced, if the individual is ultimately shown not to be entitled to indemnification. Thus the advancement decision is essentially simply a decision to advance credit. *Id.* at 84.

We agree. In our estimation, the very fact that both Neumann's bylaws and the statutory law of this Commonwealth make a distinction between indemnification and advancement of litigation expenses based on proven standards of conduct confirms the above reasoning of the Chancery Court of Delaware that these subjects turn on separate issues and are distinct.

In our opinion, the trial court was unduly influenced in its decision by the fact that Neumann itself brought the action against the Officers. If the trial court's reasoning were to prevail, however, no corporate officer or director could get advance litigation expenses merely because of *allegations.* Since such a result is unwarranted where Neumann decided to adopt bylaws providing for the mandatory advancement of defense costs to its officers and directors as permitted by the statutory law of this Commonwealth, we will reverse the trial court's decision and remand the case to that court for the issuance of a preliminary injunction.[4]

### ORDER

AND NOW, this 16th day of November, 1995, the decision of the Court of Common Pleas of Philadelphia County, January Term, 1994, No. 1045, filed May 25, 1994, is hereby reversed and the case is remanded to the trial court for the issuance of a preliminary injunction requiring Neumann to advance litigation expenses that the parties stipulate or the court determines are reasonable.

Jurisdiction Relinquished.

SMITH, Judge, dissenting.

I respectfully dissent from the Majority decision to reverse the trial court's denial of Appellants' request for a preliminary injunc-

---

**4.** We note that this result is eminently logical where the Officers assert our statutory law has evolved to permit the mandatory advancement of defense costs once an undertaking has been delivered and does not now require the advancement of such expenses on a case-by-case basis.

tion to forestall the prosecution of claims filed by Neumann Medical Center against Appellants until their defense costs are advanced by Neumann. The Majority declined to follow a decision by the United States District Court for the Eastern District of Pennsylvania, relied upon by the trial court, in favor of decisions from courts of other jurisdictions that do not interpret nor apply Pennsylvania law.

In an appeal from the denial of a preliminary injunction, this Court's scope of review is limited to determining whether there were any apparently reasonable grounds in the record to justify the trial court's decision. *James T. O'Hara, Inc. v. Borough of Moosic*, 148 Pa.Cmwlth. 535, 611 A.2d 1332 (1992). This Court will not interfere with the trial court's decision unless no grounds exist to support the decree, a rule of law relied upon by the trial court was palpably misapplied, or the trial court plainly abused its discretion. *Save Our School v. Colonial School Dist.*, 156 Pa.Cmwlth. 671, 628 A.2d 1210 (1993).

Pennsylvania nonprofit corporations are permitted to contract through their bylaws to indemnify their corporate officers and directors. Specifically, Section 5742 of the Nonprofit Law, 15 Pa.C.S. § 5742, permits a nonprofit corporation, unless otherwise restricted in the bylaws, to indemnify any representative of the corporation who was or is a party to a threatened, pending or completed lawsuit by or in the right of the corporation against expenses including attorneys' fees incurred by the representative in connection with the defense or settlement of the action if the representative acted in good faith and in the best interests of the corporation.

The record sub judice and current state of the law provided the trial court with sufficient grounds to deny the Officers' request for a preliminary injunction. Neumann's bylaws define an officer's right to advance litigation expenses including attorneys' fees as an indemnification benefit; Section 5746(b) of the Nonprofit Law, 15 Pa.C.S. § 5746(b), prohibits payment of indemnification benefits to those nonprofit corporation officers who engage in willful misconduct; and the complaint includes allegations that the Officers' misconduct was intentional. Thus the trial court could have reasonably determined that the bylaws provision requiring advanced indemnification benefits in the form of litigation expenses to Officers accused of intentional or willful misconduct was in conflict with Section 5746(b) of the Nonprofit Law.

The trial court relied upon *Fidelity Federal Savings & Loan Ass'n v. Felicetti*, 830 F.Supp. 262 (E.D.Pa.1993), to support its denial of injunctive relief. The District Court recognized that the standard of care set forth in Section 512(a) of the Associations Code, 15 Pa.C.S. § 512(a), identical to the standard set forth in Section 5712(a) of the Nonprofit Law, cannot be abrogated by an individual corporation's bylaws. The court in *Felicetti* held that where a conflict exists between corporate directors' duties to act only in the best interest of the corporation and bylaw provisions requiring the advancement of litigation expenses, the corporate directors must adhere to their fiduciary duties as required by Section 512(a), and the courts must consider the corporation's bylaw provisions unenforceable. Moreover, Section 5745 of the Nonprofit Law, 15 Pa.C.S. § 5745, was not patterned solely after the Delaware Business Corporation Law relied upon by the Officers but was, instead, a hybrid between Delaware provisions and the Model Business Corp. Act (1980).

It should be noted that denial of the Officers' request for a preliminary injunction does not preclude the Officers' recovery of indemnification benefits, including defense expenses, in the action Neumann initiated against the Officers in the court of common pleas. If at the conclusion of this litigation it is determined that the Officers did not engage in willful misconduct or recklessness but instead acted in good faith and in the best interests of Neumann, the Officers will be entitled to full indemnity under Article VII, Section 1 of Neumann's bylaws, including the expenses incurred in defending themselves. Accordingly, as reasonable grounds exist to support the trial court's order and the trial court neither palpably misapplied the law or plainly abused its discretion, its order should be affirmed.