604 A.2d 1173

RIVERSIDE SCHOOL BOARD, Edward Martz, Merle Davis, Romayne Nerch, Esther Ozark, Perina Janeski, Patricia Breymeier, Richard Wielebinski and Joseph Kobeski, Appellants,

v.

Thomas M. KOBESKI, Appellee.

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided Feb. 28, 1992.

James T. Mulligan, Jr., for appellants.

Raymond A. Hassey, for appellee.

Before DOYLE and PELLEGRINI, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by the Riverside School Board (Board) from an order of the Court of Common Pleas of Lackawanna County reinstating Thomas M. Kobeski as a member of the Riverside School Board and voiding the Board's action filling Kobeski's seat on the Board. For the reasons stated below, we vacate the order of the trial court and remand the case for further proceedings.

Kobeski was elected to the Board in November, 1989. In June, 1990, Kobeski was arrested and charged with aggra-

vated assault in connection with an altercation with two police officers. Kobeski pled guilty to a lesser charge of criminal mischief, a misdemeanor, in November, 1990.

The other members of the Board were displeased with Kobeski's conduct. On January 11, 1991, the Board, through its solicitor, James T. Mulligan, Jr., sent Kobeski a letter requesting that Kobeski resign his post on the Board because of his misdemeanor conviction. The letter also stated that several Board members had noted other "incidents" where Kobeski's conduct and comments had been "unbecoming of a public official." The letter went on to warn Kobeski that if he did not resign by January 14, 1991, the other members of the Board would "remove" him from his Board position at the regular Board meeting to be held on January 14, 1991.

Kobeski refused to resign and attended the January 14, 1991 meeting in his official capacity as a member of the Board. At the meeting, a motion was made by Edward Martz, another member of the Board, to "remove Director Thomas Kobeski from his position as a member of the Riverside School Board for conduct which is unbecoming that of a School Director ... pursuant to Title 24 Section 3–318 and 3–319 of the Public School Code."[1] Six out of the seven members present seconded the motion (the sole dissenter being Kobeski himself) and Kobeski was voted off the Board. The Board appointed Vincent Navich to fill Kobeski's seat on the Board at the next Board meeting on February 14, 1991.

Kobeski filed a complaint in equity requesting that the trial court, *inter alia,* void the action of the Board removing him, void the action of the Board appointing Kobeski's replacement, and reinstate him to full Board membership. Subsequently, Kobeski filed a motion seeking a preliminary injunction alleging irreparable harm and asking the trial court to restore the status quo as of January 14, 1991. A

1. Sections 318 and 319 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 3–318, 3–319.

rule to show cause was issued and a hearing on the motion was held March 21, 1991.

Kobeski presented only his own testimony, which detailed not only his allegation of irreparable harm but also the merits of the removal issue. The Board presented the testimony of Board members Perina Janeski and Joseph Kobeski.[2] These witnesses' testimony dealt largely with the merits of Kobeski's removal.

The trial court entered an order, which was not entitled "Preliminary Injunction" but was simply titled "Order," on April 11, 1991. The order reads as follows:

### ORDER

NOW, this *10* day of April 1991, it is hereby ORDERED AND DECREED that Plaintiff, Thomas M. Kobeski, is immediately reinstated as a member of the Riverside School Board and any action the Riverside School Board has taken to fill Plaintiff's seat on the School Board is null and void.

This appeal followed.

On appeal, the Board argues that the trial court erred when it examined and took testimony on the merits of the case as opposed to limiting the testimony to the propriety of a preliminary injunction. It also suggests that the injunction entered was in fact a permanent injunction, a form of relief which was beyond the trial court's authority to grant considering the procedural posture of the case. Kobeski counters by arguing that the Board waived its right to assert that the trial court erred by taking testimony on the merits of the case by failing to raise the issue below and by "opening the door" to such evidence by itself introducing evidence going to the merits of the case.

■ We consider the question of waiver first. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302; *see*

2. Joseph Kobeski, a Board member, is to be distinguished from *Thomas* Kobeski, the appellee in this case.

*Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). While it is true that the Board failed to object to testimony going to the merits, this is of no moment because there was no error in the admission of this testimony. In fact, it was relevant to the question of whether the movant's right to relief was clear.

A court may grant a preliminary injunction only where the moving party establishes the following elements: (1) relief is necessary to prevent irreparable harm to the movant; (2) the injunction will restore the parties to the status quo as it existed before the alleged wrongful act; (3) greater injury would result from a refusal to grant the injunction than from granting the injunction and; (4) the movant's right to relief is clear. *T.W. Phillips Gas and Oil Co. v. Peoples Natural Gas Co.*, 89 Pa.Commonwealth Ct. 377, 492 A.2d 776 (1985); *Price v. Grencavage*, 109 Pa.Commonwealth Ct. 361, 531 A.2d 108 (1987). Because one of the elements which the moving party must establish is that his right to relief is clear, it is of course necessary that the moving party be able to show that he has a reasonable likelihood of success on the merits. It is thus entirely reasonable and proper for a court to consider testimony going to the merits at the time of a preliminary injunction hearing, and we find the Board's argument to the contrary to be meritless. We conclude therefore that any objection to the evidence placed on the record by both sides regarding the merits of Kobeski's removal would have been properly overruled, if such an objection had been made, and also, that the mere failure to raise an objection, even if proper, would not waive the issue of an improper order of the trial court, for this issue could not possibly have been raised by the Board before the trial court because its existence could not be known until the order was issued.

■ We next consider whether the order entered in fact granted a permanent rather than preliminary injunction. It is improper for a trial judge to treat a hearing on a preliminary injunction as a final hearing on the merits and as a basis for a permanent injunction, unless so stipulated

by the parties. *LARA, Inc. v. Dorney Park Coaster Co., Inc.*, 116 Pa.Commonwealth Ct. 548, 542 A.2d 220 (1988), *petition for allowance of appeal denied*, 522 Pa. 580, 559 A.2d 40; *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Superior Ct. 473, 522 A.2d 1129 (1987). In this case, there were no stipulations between the parties regarding the hearing, and thus if the order entered was a final order, it was improperly entered.

■ A review of the record of the hearing and especially of the order issued by the trial court based on the hearing indicates that the trial court improperly used the preliminary injunction hearing as the basis for a final decree. The trial court's opinion reviewed the statutorily provided methods by which a school board director can be properly removed and determined that the Board had failed to comply with any of them. The opinion is thus a decision on the merits because it concludes that the Board's removal of Kobeski was improper, thereby resolving the underlying controversy. This goes far beyond a determination of whether irreparable harm would result or whether the requested motion would restore the status quo.

■ The language employed in the order issued by the trial court also evidences the fact that what was issued was a final injunction. *See* order of the trial court, *supra.* We must look to the nature of the relief granted in order to determine whether the order is preliminary or permanent. *Soja*, 361 Pa.Superior Court at 479, 522 A.2d at 1132. The order in the case *sub judice* represents a permanent decision on the merits. The most obvious evidence of this is the fact that the order contains no language limiting its duration.

Furthermore, if the order issued had truly been a preliminary injunction, there would have been a subsequent hearing on the merits, a decree nisi, an adjudication with findings of fact and possibly exceptions to this decree. See Pa.R.C.P. 1517, 1531. While we are aware of the fact that an injunction may not be considered a final order merely

because an extended hearing which bore on the merits was held, *see Wilkes–Barre Area Education Association v. Wilkes–Barre Area School District,* 105 Pa.Commonwealth Ct. 165, 523 A.2d 1183 (1987), all things considered, the order in the instant case mandates a permanent injunction. And, since it was made permanent without the consent of the parties, it cannot stand as it is.

Rather than vacating and remanding for a new order consistent with this opinion, however, in the interest of judicial economy and in the exercise of our authority under Section 706 of the Judicial Code, 42 Pa.C.S. § 706, we will review the grant of a preliminary injunction under the *T.W. Phillips* standard. If we conclude that Kobeski has met his burden, we can then modify the trial court's order accordingly.[3]

■ Turning to the factors necessary to obtain a preliminary injunction, we conclude that Kobeski met his burden and is entitled to a preliminary injunction. First, it is clear that failure to mandate Kobeski's return to the Board would result in irreparable harm. Kobeski won the right to be a school director by being elected and every day that he is prevented from exercising his duties as a Board member is lost. This loss is not compensable by money damages. It is also clear that this preliminary injunction would have the effect of restoring the status quo prior to January 14, 1991. Prior to January 14, 1991, Kobeski was a member of the Board in good standing. Restoring him to this position would put the parties back to where they started.

We also conclude that the harm to Kobeski's interests would be greater than the injury to the Board's interest if the injunction were denied. Despite evidence showing that Kobeski was indeed involved in some criminal activity, there was nothing to suggest that Kobeski's behavior had in

---

3. Section 706 of the Judicial Code provides as follows:

    An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

anyway disrupted the activities of the Board. Thus, the potential injury to the public does not appear to be very substantial. As already mentioned, the harm to Kobeski is substantial in that each day he is prevented from exercising his duties as a school director is a day irretrievably lost. Finally, we believe that Kobeski has established a clear right to relief in that the Board, almost by its own admission and as specifically found by the trial court, failed to follow the established statutory procedures for removing a school board member.

Accordingly, we will modify the order of the trial court to one granting a preliminary injunction until such time as the trial court, after providing the parties the opportunity for a full hearing on the merits, renders a final decision on the matter. We thus remand the case for a hearing on the merits of Kobeski's claim and for determination by the trial court of whether a permanent injunction should issue, all following the rules of procedure prescribed for an equity trial in the Pennsylvania Rules of Civil Procedure. *See* Pa.R.C.P. Nos. 1517–1531.

## ORDER

NOW, February 28, 1992, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby modified to grant a *preliminary* injunction suspending any action of the Riverside School Board taken to fill the seat of Thomas M. Kobeski on the Riverside School Board and ordering the Riverside School Board to reinstate Thomas M. Kobeski as a member of the Riverside School Board. The said injunction shall continue in effect until the Court holds a hearing, unless the parties stipulate that no further hearing is needed, and enters an order granting or denying the permanent injunctive relief sought in Kobeski's complaint in equity. This case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.