**Michael A. GRECO**

v.

**HAZLETON CITY AUTHORITY,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1998.

Decided Dec. 8, 1998.

Joseph R. Ferdinand, Hazleton, for appellant.

Michael Beltrami and Genene Libonati–Ritz, Hazleton, for appellee.

Before DOYLE, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

Hazleton City Authority (Authority) appeals from an order of the Court of Common Pleas of Luzerne County (trial court) granting Michael Greco's motion for a preliminary injunction.

Greco initiated an action in equity in November 1996 and filed a motion for a preliminary injunction shortly thereafter, alleging that a building, which was at that time owned by the Authority (the building), constituted a public nuisance and posed a threat to the public and to Greco's adjoining property.[1] The trial court granted Greco the requested relief and, in an order dated July 24, 1997 (the first order), directed the Authority to immediately erect a protective walkway over the sidewalk area in front of the building and a protective barrier over portions of adjoining properties, and to repair or remove the loose portions of the building. The order did not require Greco to post a bond, as required by Pa. R.C.P. No. 1531(b).[2] The Authority appealed the first order to this court. Thereafter, when the Authority failed to take the remedial measures ordered by the trial court, Greco filed a petition to hold the Authority in contempt and a second hearing was held. At this hearing, counsel for the Authority stated that it had sold the building. Without taking evidence as to ownership of the property, the trial court vacated its first order and entered a second order, dated March 24, 1998 (the second order), identical to the first but with the addition of a requirement that Greco post bond.[3] At that point, the Authority withdrew its appeal of the first order and filed the instant appeal of the second order.[4]

For the reasons set forth below, we reverse the trial court's second order and remand for the purpose of taking evidence

---

1. Greco alleged that pieces of the exterior of the building had fallen off and were continuing to fall to the sidewalk below the building and onto adjacent buildings.

2. Pa. R.C.P. No. 1531(b) provides in pertinent part:

   Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if
   (1) the plaintiff files a bond in an amount fixed and with security approved by the court. . . .

3. We note that the trial court was not divested of jurisdiction in the case once the Authority filed its first appeal to this court, as appellants appear to argue. See Pa. R.A.P. 311(h).

4. We note, initially, that this appeal is properly before us. An order granting a preliminary injunction, while interlocutory, is nevertheless immediately appealable as of right under Pa. R.A.P. 311(a)(4). While recognizing this, Greco nonetheless argues that the Authority's appeal is improper because the trial court's order is in fact a *decree nisi* and the Authority did not file exceptions under Pa. R.C.P. No. 1518. We disagree. There is no indication in the record that the trial court considered the hearings it held as going to the final merits of the case, and the order was not entitled a *decree nisi*. See *Riverside Sch. Bd. v. Kobeski*, 146 Pa.Cmwlth. 106, 604 A.2d 1173, 1176 (Pa.Cmwlth.1992); *Trinity Lutheran Evangelical Church v. Western Pennsylvania–West Virginia Synod of the Lutheran Church in America*, 112 Pa.Cmwlth. 557, 537 A.2d 38, 41 (Pa. Cmwlth.1988). Indeed, it would have been improper for the trial court to have considered the hearing on the preliminary injunction motion as a final hearing on the merits, unless the parties had so stipulated. *Berger v. West Jefferson Hill Sch. Dist.*, 669 A.2d 1084, 1086 (Pa.Cmwlth. 1995).

regarding the current ownership and condition of the property.

█ The Authority argues that the trial court abused its discretion in granting the preliminary injunction in that Greco did not demonstrate the requisite irreparable harm.[5] This argument, unfortunately, combines factual arguments related to the first order and arguments related to changed circumstances by the time of the second order. With respect to the first order, our review of the record reveals that the testimony given at the first hearing provides reasonable grounds to support the trial court's finding of irreparable harm. However, the first order is not before us. With respect to the second order, we must agree with the Authority.

In an attempt to correct a deficiency in its first order (that it was not conditioned upon posting of a bond), the trial court vacated it and issued a new injunction. By vacating the prior order and issuing a wholly new, albeit identical, preliminary injunction conditioned upon the posting of a bond, the trial court avoided the error found in *Rose Uniforms, Inc. v. Lobel,* wherein our Supreme Court noted:

> [T]he court below granted a preliminary injunction without fixing security. Subsequently, it did fix security but such security was not posted until after the injunction had been entered and this appeal taken. The court below was without power to grant the preliminary injunction in the outlined fashion.

408 Pa. 421, 424, 184 A.2d 261, 262 (1962).

The court went on to explain that Pa. R.C.P. No. 1531(b), which governs such orders, must be strictly complied with. That Rule specifically provides:

[A] preliminary or special injunction shall be granted only if

(1) the plaintiff files a bond in an amount fixed and with security approved by the court. . . .

Thus, an injunction not conditioned upon the filing of a bond is simply a nullity. It may not later be "cured" by an amendment adding a bond requirement, because that would have the anomalous effect of retroactively validating an order in existence during a period of time when the defendant plainly had no obligation to comply.

█ However, although vacation of the invalid injunction and entry of an entirely new one solved the *Lobel* procedural problem, its entry under the circumstances presented here was even more fundamentally substantively flawed. Injunctions, particularly preliminary injunctions, are equitable orders necessary to forestall a *pending* and *immediate* threat of harm. Here, by the time the second order was issued, eight months had passed since entry of the first *and from the taking of evidence which supported it.* Moreover, it was represented to the court that significant changes had occurred, including both the sale of the property to new owners and the initiation of repairs. Under these circumstances, it was manifestly erroneous for the court to re-enter the prior injunction without taking evidence on the current state of affairs. Simply stated, by March of 1998, there was no reasonable basis for an injunction grounded upon facts which had existed eight months prior and which were averred to have changed.[6]

█ The extent of the error is compounded by the fact that appellant is a municipal authority entitled to immunity from damage claims.[7] If the Authority ceased to

---

5. The grant of a preliminary injunction is proper only where the movant establishes that: (1) a preliminary injunction is necessary to prevent immediate and irreparable harm, which is not compensable by damages; (2) a greater injury will result by refusing such relief; (3) the injunction will restore the parties to the status quo; and (4) the movant has a clear right to relief. *Gueson v. Reed,* 679 A.2d 284, 288 (Pa.Cmwlth. 1996).

6. We note that at the second hearing there was some discussion of substituting the new owner as

defendant or having the new owner intervene, neither of which occurred. It goes without saying that while the trial court could allow amendment to add or substitute a new owner as a defendant, no injunction may issue against any party (absent its consent) which has not been afforded a full opportunity to participate in the injunction hearing.

7. At a hearing on the motion, on July 24, 1997, the Authority raised the defense of immunity. The trial court ruled that the Authority had waived the defense by failing to raise it in its

own the building, it no longer had the power or duty to abate any nuisance posed by its condition. Under such circumstances, Greco's equitable claim against the Authority was moot, and the Authority could be held in as a party defendant only if there were a residual claim for damages. While a similarly situated private party *might* have a continuing obligation to indemnify the entity making the repairs or to compensate Greco for injuries resulting from the delay in correcting the nuisance, such claims may not be asserted against the Authority. In this regard, the law recognizes a fundamental distinction between the obligation to take action, an equitable duty as to which the Authority enjoys no immunity, and the financial responsibility for the cost of that action, a legal duty as to which the Authority is immune. *E–Z Parks, Inc. v. Larson,* 91 Pa.Cmwlth. 600, 498 A.2d 1364, 1369–70 (Pa.Cmwlth.1985), *aff'd,* 509 Pa. 496, 503 A.2d 931 (1986).[8]

Accordingly, we reverse the grant of preliminary injunctive relief and remand to the trial court for further proceedings in accordance with this opinion.

### ORDER

AND NOW, this 8th day of December, 1998, the order of the Court of Common Pleas of Luzerne County dated March 24, 1998 in the above captioned matter is reversed. This case is remanded to that court for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

pleadings. This ruling was erroneous. It is well established that the defense of governmental immunity is nonwaiveable and may be raised at any stage of the proceeding. *Taylor v. City of Philadelphia,* 692 A.2d 308, 313 (Pa.Cmwlth.), *aff'd,* 548 Pa. 568, 699 A.2d 730 (1997).

**8.** The Authority asserts that it is entitled to the "same sovereign immunity as any instrumentality of the State." It also argues that it is entitled to *governmental* immunity without distinguishing between the two types of immunity discussed. This is an important distinction because a state agency entitled to sovereign immunity under 42

Pa.C.S.§ 8521 would not be subject to the sort of injunctive relief sought here. *See Bonsavage v. Borough of Warrior Run,* 676 A.2d 1330, 1331–32 (Pa.Cmwlth.1996). However, the Authority asserts, without contradiction, that it was created pursuant to the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, 53 P.S. §§ 301–322. It is, therefore, a local government agency for immunity purposes entitled only to governmental immunity under 42 Pa.C.S. § 8541. *Rawlings v. Bucks County Water and Sewer Auth.,* 702 A.2d 583, 587 (Pa.Cmwlth.1997).