Tracey L. **BARBER**, Appellant

v.

**COMMONWEALTH** of Pennsylvania, **CITY OF PITTSBURGH**, Department of Law Office, Chief Executive Dan Onorato, Department of Sheriff's Office, William P. Mullen and Department of Court Records Allegheny County.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2011.

Decided Jan. 9, 2012.

---

Tracey L. Barber, pro se.

Michael H. Wojcik, County Solicitor and Timothy E. Finnerty, Assistant County Solicitor, Pittsburgh, for appellees Department of Law, Chief Executive Dan Onorato, Department of Sheriff's Office, William P. Mullen and Department of Court Records Allegheny County.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Tracey L. Barber appeals *pro se* from the January 10, 2011, order of the Court of Common Pleas of Allegheny County (trial court), which sustained the preliminary objections of the various defendants and dismissed the complaint filed by Barber with prejudice. We affirm.

In December 2008, Barber filed a complaint with the trial court at GD 08–026638 against Cendant Mortgage, PHH Mortgage Services and Greenbriar Investment Company. Barber alleged mortgage fraud, theft by deception, breach of contract and conspiracy in connection with her eviction from her home. Barber sought damages of $950,000.00, (R.R. at 2a–3a), and, in April 2009, obtained default judgments. (R.R. at 5a–6a.) However, the trial court subsequently ordered the default judgments stricken. (R.R. at 72a–73a.)

In June 2009, Barber filed a second complaint with the trial court at GD 09–

008622, making the same allegations against the same defendants. In this action, Barber sought damages of $560,000.00 for pain and suffering and possession of her home. (R.R. at 7a–9a.) Barber then sought default judgments.[1] (R.R. at 76a–77a.) However, the Department of Court Records refused to enter the default judgments because Barber's complaint did not include a Notice to Defend.[2]

In a letter dated June 24, 2009, the Department of Law explained to Barber the Notice to Defend requirement. The Department of Law also indicated that one of the defendants had filed preliminary objections, implying that the entry of a default judgment would not be proper. The Department of Law advised Barber of her right to file her own preliminary objections and her right to file a mandamus action for an order directing the entry of a default judgment. (R.R. at 55a.)

Barber complained in a letter to the Department of Court Records, (R.R. at 54a), and in a consumer complaint she filed with the Office of Attorney General, (R.R. at 57a). The Attorney General's Bureau of Consumer Protection (Bureau) informed Barber that, because the matter was being litigated in a court, the Bureau could not assist her at that time. (R.R. at 61a.)

Barber filed a complaint with the trial court against the Commonwealth of Pennsylvania, the City of Pittsburgh; Department of Law Office, Chief Executive Dan Onorato; the Department of Sheriff's Office, William P. Mullen; and the Department of Court Records of Allegheny County (Appellees), alleging that Appellees impeded Barber from obtaining default judgments in the cases at GD 08–026638 and GD 09–008622. Barber sought restoration of the default judgments and $17 million for pain and suffering. (R.R. at 151a–53a.)

Appellees, except the Commonwealth of Pennsylvania, filed preliminary objections (Objectors), arguing that Barber's cases had been litigated and that the complaint contains no specific allegation of wrongdoing. (R.R. at 67a–69a.) On January 10, 2011, the trial court sustained the preliminary objections and dismissed Barber's complaint with prejudice. (R.R. at 107a.) Although the Commonwealth of Pennsylvania had not filed preliminary objections, the trial court dismissed the complaint against the Commonwealth "[o]n [its] own initiative." (R.R. at 142a–43a.) The trial court based its decision on immunity. (R.R. at 142a.)

Barber filed an appeal, and, on March 2, 2011, the trial court ordered Barber to file a statement of matters complained of on appeal within twenty-one days. (R.R. at 170a.) Barber failed to do so, and the trial court concluded that Barber had waived all issues on appeal. However, on June 1, 2011, this court remanded the matter to allow Barber to file a *nunc pro tunc* statement, pointing out that the docket did not show that Barber was given notice of the trial court's March 2, 2011, order. (R.R. at 161a.) On remand, in a supplemental opinion, the trial court stated that its rea-

---

1. Under Pa. R.C.P. No. 237.1(a)(2), to obtain a judgment by default, a party files a praecipe for entry of judgment by default that includes certification that a written notice of intention to file the praecipe was mailed or delivered.

2. Under Pa. R.C.P. No. 1037(b), on praecipe of the plaintiff, the prothonotary shall enter judgment against the defendant for failure to file within the required time a pleading to a *complaint which contains a notice to defend.* Pa. R.C.P. No. 1018.1(a) states that every complaint filed by a plaintiff shall begin with a notice to defend.

son for dismissing Barber's complaint was immunity. (R.R. at 142a–44a, 166a.)

■ Barber argues here that the trial court erred in dismissing her complaint based on immunity. In particular, Barber contends that immunity is not a proper preliminary objection; rather, it is an affirmative defense that must be raised in new matter under Pa. R.C.P. No. 1030. However, Objectors did not really raise immunity in their preliminary objections, and the Commonwealth of Pennsylvania did not even file preliminary objections. Rather, the trial court considered the issue of immunity *sua sponte*. Barber does not argue that the trial court erred in doing so; thus, that issue is waived.[3]

■ Barber also argues that, with respect to the failure of the Department of Court Records to accept her GD 09–008622 complaint for lack of a Notice to Defend, Appellees should have assisted her in filing a motion to amend the complaint to include a Notice to Defend, or they should have provided guidance in how to cure the defect. (Barber's Brief at 19–20, 22.) However, Barber does not cite any law or rule requiring Appellees, assuming one or more

had a license to practice law, to provide legal assistance to *pro se* parties. Moreover, the Department of Law tried to assist Barber by explaining the Notice to Defend requirement, by advising her of the right to file her own preliminary objections to those of another party and by suggesting that she file a mandamus action to obtain the default judgments.[4]

■ Finally, Barber contends that, because her two cases were similar, Appellees should have allowed the Notice to Defend attached to the complaint at GD 08–026638 to serve as the Notice to Defend for the complaint at GD 09–008622. (Barber's Brief at 19–20, 24.) However, that would have been contrary to Pa. R.C.P. No. 1018.1(a), which states that every complaint filed by a plaintiff shall begin with a notice to defend.

Accordingly, we affirm.

Judge SIMPSON concurs in result only.

### ORDER

AND NOW, this 9th day of January, 2012, the order of the Court of Common

---

3. Assuming for the sake of argument that Objectors had raised immunity in their preliminary objections, this court has stated that the defense of governmental immunity may be raised at any stage of a proceeding. *Greco v. Hazleton City Authority*, 721 A.2d 399, 402 n. 7 (Pa.Cmwlth.1998); *see also Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 60 n. 7 (Pa.Cmwlth.2006) (noting that immunity may be raised in preliminary objections when to delay a ruling thereon would serve no purpose).

Barber also asserts that there are exceptions to governmental immunity. (Barber's Brief at 26–27.) Indeed, section 8541 of the Judicial Code, commonly known as the Political Subdivision Tort Claims Act (Act), states, "*Except as otherwise provided in this subchapter*, no local agency shall be liable for any damages on account of any injury to a person

or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541 (emphasis added). Section 8542 of the Act sets forth the exceptions. 42 Pa.C.S. § 8542. However, Barber does not even suggest which exception might apply here. Thus, we shall not address the matter further.

4. Barber asserts that she attempted to file a Notice to Defend with the Department of Court Records, but the case file was signed out to motions court; for this reason, Barber asserts, she was denied access to the courts and her due process rights. (Barber's Brief at 20–21, 24; R.R. at 129a–30a.) However, Barber does not make such an allegation in her complaint, and, in reviewing the trial court's decision, we may consider only the well-pled facts in Barber's complaint. *Stackhouse*, 892 A.2d at 58 n. 2.

Pleas of Allegheny County, dated January 10, 2011, is hereby affirmed.