J-S34013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KATHLEEN CARROZZA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| CHILDREN'S HOSPITAL OF PITTSBURGH OF UNIVERSITY OF PITTSBURGH MEDICAL CENTER | |
| Appellee | No. 1319 WDA 2013 |

Appeal from the Order July 8, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-013828

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED NOVEMBER 21, 2014**

Kathleen Carrozza (Carrozza) appeals from the order entered July 8, 2013, in the Court of Common Pleas of Allegheny County, sustaining the preliminary objections filed by Defendant, Children's Hospital of Pittsburgh of University of Pittsburgh Medical Center (Children's Hospital), dismissing with prejudice Carrozza's Third Amended Complaint. In this appeal, Carrozza argues: (1) the trial court improperly denied her preliminary objections to Children's Hospital's preliminary objections, and (2) the trial court erred in determining the complaint failed to set forth a cause of action upon which relief could be granted.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our standard of review for matters such as this is well settled.

As a trial court's decision to grant or deny a demurrer involves a matter of law, our standard for reviewing that decision is plenary. Preliminary objections in the nature of demurrers are proper when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint. Moreover, when considering a motion for a demurrer, the trial court must accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 436 (2004) (citations and internal quotation marks omitted). *Accord, Friedman v. Corbett*, --- Pa. ---, 72 A.3d 255, 257 n. 2 (2013). Furthermore,

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.... Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa. Super. 2013) (citation omitted).

*Little Mountain Community Ass'n v. Southern Columbia Corp.*, 92 A.3d 1191, 1195 (Pa. Super. 2014).

By way of background, Carrozza claimed Children's Hospital wrongfully terminated her employment for: (1) refusing to commit criminal activity,

- 2 -

*see* Third Amended Complaint, ¶ 149;[1] (2) refusing to take action inconsistent with statutory ethical standards, *id*. at ¶¶ 202-205, 207-209; and (3) for protesting plainly and clearly illegal activity, *id*. at ¶¶ 214, 219-220.  Carrozza claimed that she was attempting to report child abuse and Children's Hospital prevented her from doing so and that she was fired for her attempts.

Carrozza's Third Amended Complaint was filed on March 12, 2013.  It did not contain a notice to defend.  Children's Hospital filed preliminary objections to that complaint on May 6, 2013.  On May 14, 2013, argument was set for June 19, 2013.  However, on May 15, 2013, Carrozza filed preliminary objections to Children's Hospital's preliminary objections, claiming Children's Hospital's filing was untimely.  On June 11, 2013, pursuant to Carrozza's request, argument on Children's Hospital's preliminary objections was continued to July 8, 2013.  On July 2, 2013, Children's Hospital filed a brief in opposition to Carrozza's preliminary objections, arguing its preliminary objections were not untimely because no notice to defend was attached to the third amended complaint.  Argument was held as scheduled on July 8, 2013 at which time the trial court granted Children's Hospital's preliminary objections and dismissed the complaint with prejudice.  This appeal followed.

---

[1] All citations to paragraph numbers refer to the Third Amended Complaint.

We will address Carrozza's procedural issues first. Carrozza argues that Children's Hospital's preliminary objections were untimely, should have been overruled, and Children's Hospital should have been required to file an answer to the third amended complaint. She argues in the alternative, if Children's Hospital's preliminary objections were timely, she should have been granted time to substantively answer the preliminary objections. Both of these arguments are unavailing.

Pennsylvania Rule of Civil Procedure 1018.1 requires every complaint begin with a notice to defend.[2] Pennsylvania Rule of Civil Procedure 1026 provides a party 20 days to respond to a pleading. However, "no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026(a). *See Mother's Restaurant, Inc. v. Krystkeiwicz*, 861 A.2d 327, 338 (Pa. Super. 2004) ([E]very complaint, including amended complaints, must include Notice to Defend); *Gerber v. Emes*, 511 A.2d 193 (Pa. Super. 1986) (no responsive pleading needed when no notice to defend is present); and *Barber v. Com., City of Pittsburgh*, 35 A.3d 826 (Pa. Cmwlth. 2012) (notice to defend

---

[2] Rule 1018.1(a) provides: "Every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant shall begin with a notice to defend in substantially the form set forth in subdivision (b). No other notice to plead to a complaint shall be required."

- 4 -

attached to original complaint does not serve as notice to defend for subsequent complaint).

Here, Carrozza's third amended complaint was filed on March 12, 2013 and Children's Hospital's preliminary objections were not filed until May 6, 2013, well past the 20 days allowed by Pa.R.C.P. 1026. However, Carrozza failed to include a notice to defend with her third amended complaint,[3] and, therefore, the 20-day response time pursuant to Rule 1026 did not apply. Accordingly, Children's Hospital's preliminary objections were not untimely.

Carrozza has also argued that if Children's Hospital's preliminary objections were timely, the trial court erred in failing to grant her time to answer those preliminary objections. Pursuant to the docket, argument on Children's Hospital's preliminary objections was initially scheduled for June 6, 2013. However, by letter dated May 10, 2013 Carrozza asked for, and received a continuance to June 19, 2013. *See* Order, May 14, 2013. The next day, Carrozza filed her preliminary objections to Children's Hospital's preliminary objections. On June 11, 2013, Carrozza was granted another continuance, from June 19, 2013 to July 8, 2013. Contrary to her assertions, she was granted two continuances. Additionally, the hearing on the preliminary objections was held, as scheduled, on July 8, 2013. If Carrozza felt she had been disadvantaged by not filing a written response to

_____

[3] In fact, none of the amended complaints had the required notice to defend.

the preliminary objections, it was her responsibility to raise the issue before the argument or by lodging a contemporaneous objection at the time of argument. No such objection appears in the certified record. Therefore, there is no indication of record that Carrozza sought permission to file a written response, but was denied the opportunity by the trial court. Because there is no indication that the issue was preserved by timely objection before the trial court, the issue is waived. *See* Pa.R.A.P. 302(a) (issues not raised before the trial court are waived and cannot be raised for the first time on appeal).

In sum, Carrozza's procedural arguments are without merit and she is not entitled to relief on these issues.

Next, Carrozza claims the trial court erred in determining her complaint was insufficient to set forth a cause of action. We disagree.

Initially, we note that:

"absent a contract, employees in Pennsylvania are considered to be at-will. Therefore, they can be terminated at any time for any reason. *Stumpp v. Stroudsburg Mun. Auth.*, 540 Pa. 391, 396, 658 A.2d 333, 335 (1995)."

*Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 124 (Pa. Super. 2011).

Further,

[A]s a general rule, no common law cause of action exists against an employer for termination of an at-will employment relationship. Moreover, exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten the clear mandates of public policy.

> ***Hunger v. Grand Cent. Sanitation***, 447 Pa. Super. 575, 670
> A.2d 173, 175 (1996), *appeal denied,* 545 Pa. 664, 681 A.2d
> 178 (1996) (internal citations and quotation marks omitted).

***Guerra v. Redevelopment Authority of City of Philadelphia***, 27 A.3d

1284, 1289 (Pa. Super. 2011).

> Finally,
>
> It is well established that Pennsylvania recognizes the at-will
> employment doctrine. As this Court has noted, however, there
> are a few, narrow public policy exceptions to the at-will
> employment doctrine:
>
> These exceptions fall into three categories: an employer (1)
> cannot require an employee to commit a crime, (2) cannot
> prevent an employee from complying with a statutorily imposed
> duty, and (3) cannot discharge an employee when specifically
> prohibited from doing so by statute. [Citation omitted.]

***Spierling v. First American Home Health Services, Inc.***, 737 A.2d 1250,

1252 (Pa. Super. 1999).

Because Carrozza pled no facts that would remove her from being an

at will employee, her claims are based upon public policy exceptions and are

related to incidents she believed constituted child abuse. The trial court

characterized her allegations in its Pa.R.A.P. 1925(b) Opinion:

> The allegations of the Third Amended Complaint involve two
> children in the Epileptic Unit of the Defendant Hospital, referred
> to as Patient BK and Patient X. Children in that unit are
> videotaped, presumably so that the circumstances surrounding

any seizure can be documented and reviewed by medical personnel.[4]

As to BK, [Carrozza] asserts that she was told that a visitor had kissed this patient for too long. [Carrozza] reported this 2-3 times and was then told to stop talking about this incident. [Carrozza] does not claim to have had any actual knowledge of this event at all.

As to X, [Carrozza] brought this up when she was told that she might be discharged for having an altercation with another employee. Apparently while X was being filmed he was masturbating and [Carrozza] observed other employees viewing the film of the child and mocking this conduct.

Trial Court Opinion, 12/27/2013, at 3.

Our review of the certified record supports the trial court's determination that none of the exceptions apply to Carrozza, and she has failed to plead a valid cause of action.

Regarding BK, Carrozza admits in her third amended complaint that the incident was reported to the social department by another technician. **See** ¶ 13. As a result of that report, an investigation occurred. **See** ¶ 14. Further, statements from multiple employees were collected. **See** ¶ 15. After all of this occurred, Carrozza reported the alleged incident to the clinical leader and to the social department, and was told the incident had already been reported and had been investigated. **See** ¶¶ 51, 58. After reporting the incident, Carrozza's supervisor told her not to discuss the

_____

[4] In fact, Carrozza, admits the original purpose of videotaping the children may have been for legitimate medical purposes. **See** ¶ 163.

matter further with her co-workers, including the clinical leader. **See** ¶ 66. We note Carrozza's complaint does not allege she either saw the allegedly inappropriate kiss or saw the tape of it. The trial court refers to Carrozza's knowledge of the incident as "hearsay." **See** Trial Court Opinion, **supra**, at 1.

As to X, Carrozza reported the alleged improper behavior of viewers of the tape to her supervisor. **See** ¶¶ 94-98. She claimed not only that hospital personnel should not have viewed the video tape, but also should have reminded X that his actions were being recorded. **See** ¶ 99.

In the first count of her third amended complaint claiming wrongful discharge, Carrozza alleged she was fired for refusing to commit a crime. Specifically, in regards to BK, she alleges she was ordered by her supervisor not to talk about the incident with her co-workers or with her Clinical Leader. However, her own pleadings indicate that prior to this alleged direction, she had already reported the incident to both the social department and her clinical leader. **See** ¶ 51. Therefore, the instruction not to discuss the incident further could not constitute an order to commit a crime because Carrozza had already reported the incident.

Regarding the incident involving X, Carrozza has presented no allegations that she was directed in any way to commit any illegal act. Therefore, the current allegation that she was fired for refusal to commit an illegal act as to patient X must fail.

In her second count for wrongful discharge, Carrozza claims she was fired for refusing to take action that would have been in violation of the ethical rules of ABRET,[5] the certifying board for electroencephalographic technicians. *See* ¶ 209. However, Carrozza has not set forth any allegation that she was instructed to take any action in violation of the standards. Further, the law prevents an employer from preventing a person from complying with a **statutory** requirement. *See Spierling*, *supra*. The ABRET standards are not statutory requirements. Finally, Carrozza admits in her complaint that she was not a member of ABRET. *See* ¶ 196. For these reasons, this aspect of the complaint fails.

Count II also contains an allegation that Carrozza was fired in retaliation for complying with her statutory duty to report what she believed was child abuse. Carrozza argues that pursuant to 23 Pa.C.S. § 6311, she was required to report the BK and X incidents to the proper person at the hospital.[6] She claims that she was fired for complying with her statutory duty.

---

[5] Per Carrozza's complaint, ABRET is an acronym for American Board of Registration of Electroencephalographic and Evoked Potential Technologists. *See* ¶ 191.

[6] The complaint never provides the identity of the proper person at the hospital to whom such complaints should be made. See 23 Pa.C.S. § 6311(c). The complaint infers that it would be either the clinical leader or the social department.

As to BK, Carrozza did not report the incident until after she knew, for a fact, that the incident had already been reported and was under investigation. *See* ¶¶ 13, 14, 15, 51, 52, 58. We do not believe that the relevant statutes, enacted for the critical purpose of the protection of children, require a person to report to the authorities that which the person knows has already been reported. Regarding X, our review of the relevant statutes and allegations of the complaint lead us to agree with the Honorable Judith L. A. Friedman, who opined, "The immature mockery of a video of a masturbating child, out of the presence of the child, also does not give rise to a duty in [Carrozza] to report that incident as child abuse."[7] Trial Court Opinion, 12/27/2013, at 4. Because Carrozza was under no statutory duty regarding the incidents she complains of, her claim of retaliatory discharge for complying with her statutory duty fails.[8]

Finally, Carrozza alleged she was fired for protesting "plainly illegal activity." *See* Count III, ¶ 219. However, as we have noted throughout this decision, Carrozza has not demonstrated the existence of any plainly illegal

---

[7] *See* 23 Pa.C.S. § 6303 for definitions of "child abuse" and "sexual abuse or exploitation."

[8] The trial judge opined that Carrozza's "allegations in [her] Third Amended Complaint demonstrate that she is more an officious intermeddler than a wronged defender of children, however sincerely her beliefs are held." *See* Trial Court Opinion, 12/27/2013, at 4. Exceptions to the at-will doctrine are strictly limited and Carrozza's subjective good intentions do not meet any of the exceptions.

activity. Carrozza heard about activity regarding BK, and witnessed what the trial court regarded as "immature mockery" regarding a videotape of X. Nothing Carrozza alleges in her complaint, either that she witnessed, heard about or was instructed to do, rises to the level of plainly illegal activity to support her wrongful discharge claim or exempt her from at-will employee status. In sum, Carrozza has failed to convince us that the trial court's determination in this matter was an abuse of discretion or error of law.

Because we agree with the trial court that based upon Carrozza's third amended complaint, it is clear and free from doubt that she has not pled facts legally sufficient to remove her from the at-will employment doctrine and establish a cause of action for wrongful discharge, we affirm the order granting Children's Hospital's preliminary objections and dismissing, with prejudice, Carrozza's Third Amended Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014

- 12 -